**William D. WEBSTER, Plaintiff–Appellant,**

v.

**Stacy BRONSON, in her professional capacity and Kitsap County Juvenile Services, a municipality doing business as Kitsap County, Defendants–Appellees.**

No. 09–35926.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2010.*

Filed Nov. 2, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

William D. Webster, Puyallup, WA, pro se.

Philip A. Bacus, Esquire, Ione George, Office of the Prosecuting Attorney, Port Orchard, WA, for Defendants–Appellees.

Before: O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

## MEMORANDUM **

William D. Webster appeals pro se from the district court's order dismissing his 42 U.S.C. §§ 1983 and 1985 action claiming that family court investigator Stacy Bronson and the Kitsap County Juvenile Services department violated his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's order granting a motion to dismiss. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998). We affirm.

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

To the extent Bronson performed in a quasi-judicial or quasi-prosecutorial function, she had absolute immunity. *See Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir.2003) (en banc). To the extent Bronson's conduct fell beyond the parameters of absolute immunity, Webster failed to state a cognizable equal protection claim. *See Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir.1998) (equal protection violations "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent"); *see also Kirtley v. Rainey*, 326 F.3d 1088, 1096 (9th Cir.2003) (a guardian ad litem's role does not constitute state action).

Webster also failed to state a *Monell* claim because he alleged no facts suggesting that his constitutional rights were violated pursuant to a policy, practice, or custom of the County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Webster's conspiracy claim was also properly dismissed because conclusory allegations are insufficient to support such a claim. *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir.2004) (dismissal of section 1985 conspiracy claim proper where the plaintiff "failed to allege sufficiently that the appellees conspired to violate her civil rights"); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir.1989) (conclusory allegations of a conspiracy do not support a claim under section 1983).

Contrary to Webster's contention, the district court did not abuse its discretion by denying his motion seeking recusal. *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir.1993) (adverse rulings alone are insufficient to demonstrate judicial bias).

Webster's remaining contentions are unpersuasive.

**AFFIRMED.**